APPENDIX A

# United States Bankruptcy Court
### District of Maryland

In re  **Lynn Carol Jarrett** _____    Case No. _____
_____    Chapter    **13** _____
Debtor(s)

## CHAPTER 13 PLAN

☐ Original Plan          ☑ Amended Plan          ☐ Modified Plan

The Debtor proposes the following Chapter 13 plan and makes the following declarations:

1.    The future earnings of the Debtor are submitted to the supervision and control of the Trustee, and Debtor will pay as follows (select only one):

        a.    $____**605.00**____ per month for a term of ___**60**___ months. OR

        b.    $_____ per month for _____ month(s),
              $_____ per month for _____ month(s),
              $_____ per month for _____ month(s), for a total term of _____ months. OR

        c.    $_____ per month prior to confirmation of this plan, and $_____ per month after confirmation of this plan, for a total term of _____ month(s),

2.    From the payments received, the Trustee will make the disbursements in the order described below:
        a.    Allowed unsecured claims for domestic support obligations and trustee commissions.
        b.    Administrative claims under 11 U.S.C. §507(a)(1), including attorney's fee balance of $__**3,000.00**__ (unless allowed for a different amount upon prior or subsequent objection). Attorney Fees are in accordance with Appendix F of the Local Bankruptcy Rules or a different amount allowed by an order of the Court. **ATTORNEY'S FEES ARE TO BE PAID PURSUANT TO SECTION 4 (B) OF APPENDIX F OF THE LOCAL RULES OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND. (unless allowed for a different amount by an order of Court).**

        c.    Claims payable under 11 U.S.C. § 1326(b)(3).  Specify the monthly payment: $__**0.00**__ .
        d.    Other priority claims defined by 11 U.S.C. § 507(a)(3) - (10).  The Debtor anticipates the following claims:

| Claimant | Amount of Claim |
|---|---|
| -NONE- | |

        e.    Concurrent with payments on non-administrative priority claims, the Trustee will pay secured creditors as follows:

        i.    Until the plan is confirmed, adequate protection payments and/or personal property lease payments on the following claims will be paid directly by the Debtor; and, after confirmation of the plan, the claims will be treated as specified in 2.e.ii or 2.e.iii, below (designate the amount of the monthly payment to be made by the Debtor prior to confirmation, and provide the redacted account number (last 4 digits only), if any, used by the claimant to identify the claim):

| Claimant | Redacted Acct. No. | Monthly Payment |
|---|---|---|
| **Bank Of America** | **223947157** | **1,384.00** |

    ii.    Pre-petition arrears on the following claims will be paid through equal monthly amounts under the plan while the Debtor maintains post-petition payments directly (designate the amount of anticipated arrears, and the amount of monthly payment for arrears to be made under the plan):

| Claimant | Anticipated Arrears | Monthly Payment | No. of Mos. |
|---|---|---|---|
| Bank Of America | 16,611.00 | 346.06 | 13-60 |

    iii.    The following secured claims will be paid in full, as allowed, at the designated interest rates through equal monthly amounts under the plan:

| Claimant | Amount | % Rate | Monthly Payment | No. of Mos. |
|---|---|---|---|---|
| -NONE- | | | | |

    iv.    The following secured claims will be satisfied through surrender of the collateral securing the claims (describe the collateral); any allowed claims for deficiencies will be paid pro rata with general unsecured creditors; upon confirmation of the plan, the automatic stay is lifted, if not modified earlier, as to the collateral of the listed creditors:

| Claimant | Amount of Claim | Description of Collateral |
|---|---|---|
| -NONE- | | |

    v.    The following secured claims are not affected by this plan and will be paid outside of the plan directly by the Debtor:

| Claimant |
|---|
| -NONE- |

    vi.    If any secured claim not described in the previous paragraphs is filed and not disallowed, that claim shall be paid or otherwise dealt with outside the plan directly by the Debtor, and it will not be discharged upon completion of the plan.

    vii.    In the event that the trustee is holding funds in excess of those needed to make the payments specified in the Plan for any month, the trustee may pay secured claims listed in paragraphs 2.e.ii and 2.e.iii in amounts larger than those specified in such paragraphs.

    f.    After payment of priority and secured claims, the balance of funds will be paid 100% on allowed general, unsecured claims.  (If there is more than one class of unsecured claims, describe each class.)

3.    The amount of each claim to be paid under the plan will be established by the creditor's proof of claim or superseding Court order.  The Debtor anticipates filing the following motion(s) to value a claim or avoid a lien. (Indicate the asserted value of the secured claim for any motion to value collateral.):

| Claimant | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

4.    Payments made by the Chapter 13 trustee on account of arrearages on pre-petition secured claims may be applied only to the portion of the claim pertaining to pre-petition arrears, so that upon completion of all payments due under the Plan, the loan will be deemed current through the date of the filing of this case.  For the purposes of the imposition of default interest and post-petition charges, the loan shall be deemed current as of the filing of this case.

5.      Secured Creditors who are holding claims subject to cramdown will retain their liens until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or discharge under § 1328; and if the case is dismissed or converted without completion of the plan, the lien shall also be retained by such holders to the extent recognized under applicable nonbankruptcy law.

6.      The following executory contracts and/or unexpired leases are assumed (or rejected, so indicate); any unexpired lease with respect to personal property that has not previously been assumed during the case, and is not assumed in the plan, is deemed rejected and the stay of §§ 362 and/or 1301 is automatically terminated:

| Other Party | Description of Contract or Lease | Assumed or Rejected |
|---|---|---|
| -NONE- | | |

7.      Title to the Debtor's property shall revest in the Debtor when the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328, or upon dismissal of the case, or upon closing of the case.

8.      Non-Standard Provisions:

Date **March 2, 2017**

Signature **/s/ Lynn Carol Jarrett**
**Lynn Carol Jarrett**
Debtor

Attorney **/s/ Chad Edward Cos**
**Chad Edward Cos 26897**

# United States Bankruptcy Court
### District of Maryland

In re   **Lynn Carol Jarrett**                                                                Case No.   **16-22761**
                                                  Debtor(s)                      Chapter   **13**

## PRE-CONFIRMATION CERTIFICATION - AMENDED

Debtor(s) hereby certify under penalty of perjury that the following statements are true and correct:

1. Debtor(s) has/have paid any fee, charge, amount required under Sec. 1930 of title 28, U.S.C, or by the plan (i.e. adequate protection payments) to be paid before confirmation.

2. Debtor(s) has/have paid all amounts that are required under a domestic support obligation and that first became payable after the date of the filing of the petition, if applicable.

3. Debtor(s) has/have filed all applicable Federal, State, and Local tax returns with the appropriate taxing authorities for all taxable periods ending during the 4-year period ending on the date of the filing of the petition.

Debtor(s) affirm that the plan is proposed in accordance with 11 U.S.C §1325 and request said plan be confirmed.

Date   **March  2, 2017**                                  Signature   **/s/ Lynn Carol Jarrett**
                                                                                    **Lynn Carol Jarrett**
                                                                                    Debtor

**Local Bankruptcy Form O**

Ver. 11.07

# United States Bankruptcy Court
## District of Maryland

In re   **Lynn Carol Jarrett**

Debtor(s)

Case No.   **16-22761**

Chapter   **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **March  2, 2017**, a copy of **Debtor's Amended Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Bank Of America
PO Box 26012
Greensboro, NC 27410

Bank Of America
PO Box 26012
Greensboro, NC 27410

Bank Of America
PO Box 26012
Greensboro, NC 27410

Circuit Court for Montgomery County
50 Maryland Avenue
Rockville, MD 20850

Credence Resource Management LLC
PO Box 2390
Southgate, MI 48195-4390

Jeovani's Tree Service
1329 Spring Meadow Ln # 301
Culpeper, VA 22701

Nordstrom FSB
Correspondence
PO Box 6555
Englewood, CO 80155

North Shore Agency
270 Spagnoli Road
Suite 110
Melville, NY 11747

Pepco
PO Box 13608
Philadelphia, PA 19101-3608

Richard G. Wyne, DDS PA
4110 Aspen Hill Road
Suite 310
Rockville, MD 20853

RMS
1250 E. Diehl Road
Suite 300
PO Box 3099
Naperville, IL 60563

Samuel I. White, PC
611 Rockville Pike
Suite 100
Rockville, MD 20852

Synchrony Bank/TJX
PO Box 965064
Orlando, FL 32896

Verizon
500 Technology Drive

**Suite 500**
**Weldon Spring, MO 63304**

/s/ Chad Edward Cos

**Chad Edward Cos 26897**
**Chad Edward Cos, LLC**
**9303 Philadelphia Road**
**Rosedale, MD 21237**
**(410) 780-0328Fax:(410) 780-0262**
**ccos@coslaw.com**